UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG DONALD MCKIM,

    Plaintiff,
v.                                   CASE NO. 14-11880

COMMISSIONER OF          DISTRICT JUDGE NANCY G. EDMUNDS
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [15]; ADOPTING THE REPORT AND RECOMMENDATION [14]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11]; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [12] AND AFFIRMING THE COMMISSIONER'S DECISION**

This matter is before the Court on Plaintiff's objections to the magistrate judge's July 20, 2015 report and recommendation. (Dkt. Nos. 14, 15.) Plaintiff objects to the magistrate judge's report and recommendation arguing that the administrative law judge did not properly weigh Plaintiff's treating physician's opinion. Having conducted a *de novo* review of the parts of the magistrate judge's report and recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court denies Plaintiff's objections, adopts the magistrate judge's report and recommendation, denies Plaintiff's motion for summary judgement and grants Defendant Commissioner of Social Security's motion for summary judgement, affirming the Commissioner's decision in accordance with 42 U.S.C. § 405(g).

**I.    BACKGROUND**

The administrative law judge's ("ALJ") findings and the pertinent portions of the administrative record are accurately and adequately set forth in the magistrate judge's

report and recommendation and the Court adopts them here. (Report and Recommendation, Dkt. No. 14.)

Plaintiff applied for disability insurance benefits (DIB) and supplemental security income (SSI) with a protective filing date of October 18, 2011, alleging that he has been disabled since August 27, 2010, due to a herniated disk in his back, back injury and back pain. (Transcript at 139, 165, 168, Dkt. No. 6.) Plaintiff's claims were denied on January 30, 2012 and he requested a hearing before an ALJ. (Tr. 62-63, 103-04.) The hearing was held on January 11, 2013. In a decision dated February 15, 2013, the ALJ determined that Plaintiff had not been disabled within the meaning of the Social Security Act at any time from August 10, 2010, through the date of the decision. (Tr. 19-27.)

On March 27, 2014, the appeals council denied Plaintiff's request for review of the ALJ's decision. Plaintiff filed this action May 12, 2014. (Dkt. No. 1.) He filed a motion for summary judgement on October 31, 2014. (Dkt. No. 11.) Defendant filed a motion for summary judgement on December 1, 2014. (Dkt. No. 12.) The magistrate judge entered a report and recommendation on July 20, 2015 recommending denying Plaintiff's motion for summary judgment. (Dkt. No. 14.) Plaintiff filed objections to the report and recommendation on August 3, 2015 and Defendant filed its response to the objections on August 4, 2015. (Dkt. Nos. 15, 16.)

**II.    STANDARD OF REVIEW**

Where a party has properly objected to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to

the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. "This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "more than a scintilla . . . but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)(quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence or decide questions of credibility*. See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)(citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)(en banc)(citations omitted)).

**III. ANALYSIS**

Plaintiff's sole objection to the magistrate's report and recommendation is that the magistrate judge improperly applied the treating physician rule, arguing that "[w]hile the Magistrate Judge purported to apply the treating physician rule, his report actually simply weighs the opinions of the treater and the consultative examiner without the significance accorded the former by the rule in question." (Pl.'s Objections 2.) The two physicians at issue are John A. Szajenko, M.D., and R. Scott Lazzara, M.D. The parties, the ALJ and the magistrate judge are all consistent in identifying Dr. Szajenko as a treating physician and in identifying Dr. Lazzara as a consultative examiner[1]. The ALJ identified Dr. Szajenko as "claimant's physician" and Dr. Lazzara as having performed a "consultative examination." (Tr. 23, 25.)

The Social Security Regulations provide that in weighing medical opinions, generally more weight is given to treating sources, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture" of the claimant's medical impairments and "may bring a unique perspective to the medical evidence. . . ." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). A treating source opinion is to be given controlling weight if it is both "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in . . . [the] record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The Regulations provide that unless a treating source's opinion is given controlling weight, the Commissioner will consider the following factors set forth in deciding the weight to give the medical opinion: length of relationship

---

[1]Dr. Lazzara performed a consultative examination on January 18, 2012 and submitted an examination report including a form entitled "Neurologic and Orthopedic Supplemental Report." (Tr. 285-92.)

4

and frequency of examination, nature and extent of the treatment relationship, supportability of the opinion, consistency with the record as a whole, specialization, and other factors. *See* 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6); *see also Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013). Further, the Commissioner must provide "good reasons" for the weight given to the treating source's opinion. *Id.*

Under the Regulations, medical opinions are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).

"Opinions on some issues, . . . are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(d), 916.927(d). These include opinions that a claimant is "disabled." 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). The Regulations provide that the Commissioner is responsible for making the decision about whether a claimant meets the statutory definition of disability and in doing so, will "review all of the medical findings and other evidence that support a medical source's statement that" the claimant is disabled. *See* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). "[T]he ultimate decision of disability rests with the administrative law judge." *Walker v. Sec'y of Health and Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992). It is this category under which Dr. Szajenko's opinions fall.

Plaintiff's sole objection is that the magistrate judge, and the ALJ before, did not properly apply the treating physician rule in considering the records of Dr. Szajenko. Plaintiff's objection fails to identify an actual medical opinion or restriction set forth by Dr. Szajenko that is in conflict with the ALJ's opinion, unless it is Dr. Szajenko's repeated notations that Plaintiff was to remain off work or was incapable of working. For example, in October 2010, Dr. Szajenko noted the Plaintiff was being denied by workers' compensation and noted that "[i]n the meantime, from a back pain standpoint, he remains incapable of working." (Tr. 275.) In December 2010, Dr. Szajenko noted "[w]e are going to hold him off work for the time being." (Tr. 274.) The doctor's January 2011 notes included reports that Plaintiff's "upper limb symptoms" had resolved, back pain continues, and Plaintiff "remains functionally limited and is very frustrated." (Tr. 273.) In March and June 2011, he "remains off work." (Tr. 273.) In March 2012 the doctor noted that he had not seen Plaintiff since the prior summer, and noted that "[he] has been work (sic) in the time being, as now he has attorneys working on his behalf give (sic) the Comp dispute." (Tr. 337.) In April 2012, the doctor noted that Plaintiff "has not been working ever since his case has been disputed in regard to Worker's Comp. Claim" and in July 2012 noted Plaintiff's "continued searing pain and significant functional limitations for an individual of this age." (Tr. 335-36.) In a July 10, 2012 letter in response to a denial to Dr. Szajenko's attempt to order a lumbar spine MRI, the doctor again mentions an inability "to return to work since approximately September 2010" and "continued severe pain and resultant functional limitations." (Tr. 342.)

Plaintiff does not argue that the records contain diagnoses, prognoses, specific symptoms or restrictions which the ALJ did not properly consider. The only restriction other

than "work" to which Dr. Szajenko opined was with respect to driving; for example, in October 2010, the doctor noted that Plaintiff "remains unable to drive secondary to pain with sitting." (Tr. 275.) Indeed, the ALJ included a driving restriction in the RFC, finding that Plaintiff "cannot operate a motor vehicle." (Tr. 22.) Dr. Szajenko refers only generally to Plaintiff's "rather severe functional limitations" without detail. (Tr. 342.) Dr. Szajenko's general statements about Plaintiff's inability to work, or the need to remain "off work" do not constitute medical opinions under 20 C.F.R. § 404.1527(a)(2) and are an opinion on an issue reserved to the Commissioner. *See Dunlap v. Comm'r of Soc. Sec.*, 509 Fed. Appx. 472, 474-475 (6th Cir. 2012) (the court found that the Commissioner correctly argued that the following statement by the primary care physician does not constitute a medical opinion under 20 C.F.R. § 404.1527(a)(2): "In my medical opinion, Dr. Dunlap has severe low back pain and due to his pain is unable to work.") As set forth in the regulations, the determination as to whether the claimant is "disabled" or unable to work is an issue reserved to the Commissioner, in this case the ALJ. The ALJ was not required to give controlling weight to a doctor's opinion that the Plaintiff cannot work. Even if these statements were treated as medical opinions, the magistrate judge addressed each doctor's opinion sufficiently, showing that the ALJ's decision was specific enough to explain and give good reasons for the weight given the treating doctor's opinions.

Furthermore, Dr. Szajenko's general statements that Plaintiff is unable to work do not evidence limitations at all exertional levels. Plaintiff's prior work, including that to which he was unable to return and for which he was attempting to receive worker's compensation, was classified by the vocational expert as having been performed at the exertional levels of light, medium and/or heavy. (Tr. 58.) The ALJ found that Plaintiff's past work consisted

of kitchen helper, light in exertion per the Dictionary of Occupational Titles (DOT) and medium in exertion as performed; stocker, medium in exertion per the DOT and heavy in exertion as performed; and cashier, light in exertion.[2] (Tr. 25.)

The ALJ found that Plaintiff has the residual functional capacity to perform sedentary work[3] further limited as follows:

> He can stand and walk for two hours during an eight-hour workday and sit for six hours during an eight-hour day. He requires a sit/stand option. [He] can never climb ladders, ropes, or scaffolds, but can frequently climb ramps and stairs. He can frequently stoop, kneel, crouch, and crawl. [He] must avoid concentrated exposure to hazards. He cannot operate a motor vehicle. He is limited to simple, repetitive, non-complex tasks. (Tr. 22.)

The exertional levels of Plaintiff's past work exceed the RFC at which the ALJ found Plaintiff could work. The ALJ explicitly found, supported by VE testimony, that Plaintiff could not perform his past work, which is not inconsistent with Dr. Szajenko's statements that Plaintiff was to remain off work, where the prior work was heavier in exertion than the limited capacity the ALJ found in the RFC. There is no evidence that Dr. Szajenko considered Plaintiff's ability to perform work at lesser exertional levels than the work Plaintiff had performed in the past.

---

[2] The regulations define light work in part as involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(b), (c), 416.967(b), (c).

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Objections (Dkt. No. 15), ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. No. 14), DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary Judgment and AFFIRMS the decision of the Commissioner pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

                                              s/Nancy G. Edmunds
                                              Nancy G. Edmunds
                                              United States District Judge

Dated:  August 20, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 20, 2015, by electronic and/or ordinary mail.

                                              s/Carol J. Bethel
                                              Case Manager